IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KENNETH E. MILLS,**

    **Plaintiff,**

vs.                                       Case No. 4:10cv473-MP/WCS

**STATE OF FLORIDA,
BILL McCOLLUM,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. As Plaintiff has now paid the assessed initial partial filing fee, docs. 8-9, the complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff challenges the constitutionality of two Florida statutes, which concern the crime of sexual battery. Doc. 1. Plaintiff asserts that application of the two statues by Florida courts has resulted in a double standard that violates his due process and equal protection rights. *Id.* Plaintiff contends that the crime of "sexual battery" is considered a "non–capital felony" for purposes of charging the offense, and then reclassified as a "capital felony" for purposes of sentencing. Doc. 1, p. 4. Plaintiff argues that the

Fourteenth Amendment is violated when Sexual Battery is charge and the offense tried as a "noncapital felony" but then the crime is sentenced as a capital felony. *Id.*, at 5-6. Plaintiff contends this is applying a "double standard." *Id.*, at 6.

As relief, Plaintiff asserts that if this Court were to find that Sexual Battery as prescribed in FLA. STAT. § 794.011(2) is a "noncapital felony," then it must be declared a life felony as well rather than a capital felony. *Id.*, at 7. Accordingly, "Plaintiff would be entitled to be resentenced to a guideline sentence in effect on the date of the commission" of Plaintiff's offense in 1990. Doc. 1, p. 7; *See* EX. 1. On the other hand, Plaintiff contends if this Court were to find that Sexual Battery is a "capital felony, then the court must declare also that the judgment of conviction in this case [is] null and void" because Plaintiff was not charged by a grand jury indictment but by a felony Information. *Id.*, at 7-8.

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006) (holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See* Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), *citing* McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737,

114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). A prisoner may not seek to reduce a period of confinement through a civil rights action. Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; Heck, 114 S. Ct. at 2372.

Thus, the line between a civil rights claim and habeas claim is based on the effect a claim has on an inmate's conviction or sentence. Hill v. McDonough, 126 S.Ct. 2096 (2006). "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Plaintiff clearly seeks to invalidate his conviction in this civil rights case, or be re-sentenced. This claim must be brought in a habeas petition[1] and this § 1983 case must be dismissed.

---

[1] As Plaintiff challenges the judgment entered by the Circuit Court in Pinellas County, a § 2254 petition for writ of habeas corpus would more appropriately be filed in the Middle District of Florida, See 28 U.S.C. § 2241(d); Parker v. Singletary, 974 F.2d 1562, 1581-82 and nn. 114 and 118 (11th Cir. 1992) (discussing transfer "in furtherance of justice" under § 2241(d), citations omitted). Indeed, this Plaintiff already sought § 2254 relief, unsuccessfully, in the Middle District, case numbers 8:02cv133-JSM (docs. 10 and 12, dismissing petition challenging sexual battery convictions out of Pinellas County as untimely); and 8:02cv154-SCB (doc. 5, dismissing petition as challenging the same judgment and conviction challenged in 8:02cv133-JSM). This § 1983 complaint appears to challenge the same conviction raised in the § 2254 signed on January 16, 2002 (doc. 1 in 8:02cv133-JSM), so Plaintiff would not only face the one year time limit of § 2244(d) in filing a § 2254 petition, he would first have to obtain authorization to file a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A); § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). Plaintiff cannot avoid these procedural problems by means of a § 1983 suit.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 15, 2010.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**