IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENNETH E MILLS,

    Plaintiff,

v.                                              CASE NO. 4:10-cv-00473-MP -WCS

BILL MCCOLLUM, STATE OF FLORIDA,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 14, Objection to Report and Recommendation filed by Kenneth E. Mills. The Magistrate Judge recommended the case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff timely objected, stating that the "Magistrate Judge has overlooked and misapprehended the laws and facts in plaintiff's complaint." This Court reviews objected-to material *de novo*.

Plaintiff challenges the constitutionality of two Florida statutes, concerning the crime of sexual battery and asserts that application of the two statues by Florida courts has resulted in a double standard that violates his due process and equal protection rights. Doc. 1. Plaintiff argues that the Fourteenth Amendment is violated when sexual battery is charged and the offense tried as a "noncapital felony" but then the crime is sentenced as a "capital felony." *Id.* at 7. Plaintiff seeks "to be resentenced" or have the Court "declare . . . the judgment of conviction in this case null and void." *Id.* at 7-8.

Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S.

477, 481, 114 S. Ct. 2364, 2369 (1994).  Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See Porter v. Nussle*, 534 U.S. 516, 526, 122 S. Ct. 983, 990 (2002), *citing McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737 (1991) and *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973).  A prisoner may not seek to reduce a period of confinement through a civil rights action.  *Preiser*, 411 U.S. at 500, 93 S. Ct. at 1841; *Heck*, 512 U.S. at 486, 114 S. Ct. at 2372.

This Court finds on *de novo* review that Plaintiff's Complaint fails to state a claim on which relief may be granted.  The Magistrate Judge was correct when he concluded that "Plaintiff clearly seeks to invalidate his conviction in this civil rights case, or be resentenced. This claim must be brought in a habeas petition and this § 1983 case must be dismissed."  Doc. 11 at 3.  Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 14, is ADOPTED and incorporated herein.

2. The Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

3. All pending motions are DENIED.

4. The Clerk is directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this   *11th* day of January, 2011

                                       *s/Maurice M. Paul*
                              Maurice M. Paul, Senior District Judge